## CITY OF JACKSON v. MIMS.

[85 South. 124, In Banc. No. 21342.]

1. APPEAL AND ERROR. *Chancellor's findings of fact conclusive.*
   The supreme court will not reverse the chancellor's decree on disputed facts, unless such decree is manifestly wrong.

2. MUNICIPAL CORPORATIONS. *Failure to notify owner renders any assessment void.*
   Under sections 3411 and 3412, Code 1906, failure to serve the abutting property owner with notice of special improvements and that the cost thereof will be assessed against the owner renders any assessment against such owner void, and justifies the interposition of a court of equity.

APPEAL from chancery court of Hinds county.

HON. FRANK ROBERSON, Special Chancellor.

Suit by the City of Jackson against Mrs. Deeta Mims, Decree for defendant, and complainant appeals. Affiirmed.

*W. E. Morse,* for appellant.

The resolution declaring the work necessary and stating the street, etc., and the resolution providing the plans and specifications were all of the notices required by law to be given the property owner to do the work himself or so that the city would do the work and charge him with the cost thereof.

The notice given by the street commissioner to the land owner is a notification for him with the cost thereof. Judge WHITFIELD in the case of *Nugent* v. *Jackson* wherein he was interpreting section, 3011 and 3012, Code 1892, which is practically identical with sections 3511 and 3412, Code 1906, said: ''The first character of notice is intended to give the said property owners opportunity to file their majority protest; the five days' notice is meant to give them that much further time in which to exercise their election as to whether they will ''make the improvement themselves or let the municipality do it.''

The defendant herein, Mrs. Deeta Mims, allowed the time of protest to expire, and she stated that she did not protest., This leaves us the proposition that she was served with notice for her to do the work herself or in default that the city would do it. Mrs. Mims saw the work being done, saw it begin up at Manship street and come on down the hill past the Jewish Cemetery up to her house, saw the men working day after day and did not raise her voice in protest. She sat quietly by and when notice of the special assessment was given with her name with the amount of the lien on her property given, she did not appeal therefrom or raise any objection, but waited until suit brought before she recollected that no notice to

do the work had been given her. The city thinks that she should be estopped to say that notice to do the work was not given her.

This case is different from any other case appealed to this court wherein the validity of the assessment was assailed on account of notice, because in this case there is no property right of the defendant involved. There is no attack upon the ordinance declaring the work necessary, and when Mrs. Mims did not protest within twenty days after the passage of this ordinance she could not stop the proceeding.

The case of *Greenwood* v. *Harris*, 31 So.—was defective because the ordinance declaring the work necessary did not provide that the cost for the special assessment would be assessed against the property owners. The court found that his ordinance was the one that gave the municipality authority to levy the special assessment and that unless this was given, the property owners would not have a right to protest. In other words if a person was not allowed a hearing at some step in the proceeding they would be deprived of their property without due process of law. Notice was given in the Greenwood case, but it did not bolster up the fact that in the original ordinance it did not state that the property owner was to be asssessed with the cost thereof.

But in this case there can be no such contention; the property owner was given notice of the work being declared necessary and she did not protest; neither did she exercise her privilege of doing the work herself within the twenty days after the ordinance becomes operative, then the work can be proceeded with by giving a personal notice, etc.

The defendant in this case had a right to protest and a right to do the work herself under the provisions of the statute, but she now complains, after she sat by, saw the work done, saw the special assessment, and eight years afterward, when the city asks her to pay for the paving,

she claims that she was not given an opportunity to do the work herself.

Counsel for appellee says that there was no notice given in the case of *Williams* v. *City of Jackson*, 46 So. 55, and the court held in that case that the property owners were not liable. But lets examine the Williams case and see all of the facts surrounding it. The court stated first that the ordinance declaring the work necessary describing the property, material, etc., was a nullity? In other words there was nothing upon which you could predicate to do the work yourself or in default, the city would do it for you. It is true no notice was given in this case, but had notice been given the notice could not rise higher than the ordinances or resolution. The court would have decided it upon the decision in *Greenwood* v. *Harvey*, 31 So. 425.

The facts in the instant case are quite different from what they were in the case of *Edwards House* v. *City of Jackson*, 51 So. 802. In the City Railway case the city of Jackson sought, by an injunction, to have the railway pave between its tracks which had been left unpaved from 1902 to 1909, although the original ordinance provided for the paving thereof the same as in this case and its companion case. The court below sustained the injunction but on appeal the supreme court dismissed the bill but stating in a *dicta* opinion that a city had no power to pave a street at the cost of the abutting property until after notification to and refusal by abutting owners to do the paving.

But in considering this opinion the court must bear in mind that here was a street railway company which had been relieved by the city of paving its portion of the street in 1902, and that during all of these years it had remained unpaved and the city comes along and by a mandatory injunction seeks to make the company lay the paving. The court merely said that you can do it, then if it does not, you can lay the paving. This is nothing but fair and equitable. The company might be able

123 Miss.—6.

to lay this paving cheaper than the city could and as it had been relieved of doing the work when the paving was declared necessary, it ought to have some notice, some method of protecting itself.

But granting for the sake of argument that notice was not served upon Mrs. Decta Mims to do the work, yet the ordinances declaring the work necessary were regular and legal in every respect and she did not protest against the work being done and thereby waived the right to say that the work should not be done. She was given the privilege under the statute of doing the work herself twenty days after the ordinance became operative and she did not avail herself of the same.

Her husband signed the petition praying for the paving to be laid, but she said that he had no interest in the property, not even a "homestead interest" and I am inclined to believe that she was right in her statement. She states that he did not act as her agent in any way. But she admits petitioning for asphalt; she admits seeing the work going on from day to day; she admits that she did not protest against any of the work being done; she admits that she did not appeal when the special assessment was made; in other words she admits the legality of every step taken by the city except that of giving her time within which to do the work, and the right of the city to release the car line from being paved.

When Mrs. Mims sat by and saw the work being done and did not offer to do the work, she waived her right to do it, she stood in the same shoes as other property owners who had been served with notice and did not do the work. She does not even claim that she had an inclination or desire to do the work herself.

While the court could hardly take judicial knowledge of the fact, yet it is a fact, that no property owner attempts to do the work himself. The court did say in the case of *Bryan* v. *Greenwood*, 78 So. 728, in construing

chapter 260 of Laws of 1912, which are practically the same as sections 3411 and 3412, except that the personal notice to do the work is not even required.

"As no duty is imposed upon the legislature by the constitution to permit property owners to make the special improvement themselves, the question whether thirty days allowed a property owner in Laws 1912, chapter 260, in which to make an improvement himself was, sufficient, is immaterial."

Said opinion further stated that as the necessity of giving notice to do the work was not brought forward in the laws, therefore the property owner could not complain upon that score. The legislature as well as the courts recognize the necessity of making public improvements and that for the general good they should be upheld except where it infringes the property rights of some one or more individuals.

The legislature in chapter 260 of the Laws of 1912 recognized the facts that the property owner practically never did the work himself and for this reason it eliminated the personal notice but of course sections 3411 and 3412, Code 1906, have to stand upon their own foundation, yet at the same time we can see the trend of the opinions and of the legislative acts upon this subject.

Mrs. Mims was not deprived of a single right; she had a right under the Code to do the work; she did nothing, she saw the work being done, she offered to do nothing; she saw the special assessment notice; she did not appeal. She waived her right to do the work by her silence, and by her laches, and she should not now be allowed to defeat the city out of its lien, simply because she was not given two different opportunities to do the work herself.

The other points will be discussed in the case of *City* v. *Mrs. Agnes Buckley,* a copy of which is attached hereto as a completion of this brief.

*Green & Green* and *Niles Moseley,* for appellees.

This is a companion case to *City of Jackson* v. *Mrs. Agnes Buckley,* and all propositions of law there advanced are herein applicable. In addition we submit: No personal notice given as by law required, and therefore the assessment is invalid.

The case involves the construction of section 3412 Code 1906, by which it is provided: "If the owner of the property fail to make the special improvement within twenty days after the ordinance becomes operative, then the street commissioner shall, upon order of the board, after giving thirty days, notice to the owner or occupant of each piece of the property to be assessed, or, in case of unoccupied property, by posting a written notice thereon for such time, of the necessity therefor, make the repairs or construct the improvement or cause it to be done, keeping an account of the costs thereof . . ."

It is true McLeod testified that he served the notice, but his testimony was discredited by the Chancellor and by this court. In the case of *Williams* v. *Jackson, infra,* counsel for the city contends that the giving of this notice did not invalidate the pretended assessment.

In this connection, with deference, we submit, that every decision of this court has condemned and still condemns an assessment made without such personal notice. The nature of the proceeding is accurately stated in *Jackson* v. *Williams,* 92 Miss. 315, 316: "When a municipality is proceeding under Annotated Code 1892, sections 3011, 3012, it is not proceeding under its general powers of ordinances, but is proceeding under special powers conferred on it under special circumstances, and it must pursue with strictness all the conditions precedent to its right to exercise the particular power. A compliance with these conditions constitutes its power to act, and is jurisdictional in its nature. Mere irregularities and in-

formalities will not invalidate the proceeding; but when there has been a substantial noncompliance with the statute, it is fatal to the proceedings and the failure to duly inform the property owner, in an ordinance duly published, of the kind and character of the walk intended to be laid, thereby failing to give him such information as would enable him to intelligently determine whether he desired to protest against the intended improvement, is a fatal departure. It is manifest from the statute that the legislature intended to give the property owner every opportunity to act intelligently and with full knowledge.'' Taking the provisions of the statute as found, we contend that there can be no question, but that a failure to give this notice to do the work invalidates the assessment. *Macon* v. *Patty*, 57 Miss. 403; *Nugent* v. *Jackson*, 72 Miss. 1052; *Jackson* v. *Williams*, 92 Miss. *Bryan* v. *Greenwood*, 73 So. 729; *Langstaff* v. *Durant*, 72 So. 237. See, also, same case, 72 So. 681.

Therefore, with greatest defference we respectfully submit that this question is precluded in the prior decisions of this court, and the decree of the chancellor must be affirmed.

STEVENS, J., delivered the opinion of the court.

This is a companion case to that of the *City of Jackson* v. *Mrs. Agnes Buckley* (No. 21313), 85 So. 122, this day reversed. By agreement of counsel the appeal record in this case is the same as the record in the Buckley Case, and further:

''It is agreed that the points in this case are indentical with the points in the Agnes Buckley Case, save that Mrs. Deeta Mims testified that she was not served with notice and the chancellor decided the case on this question of fact for Mrs. Mims.''

Separate briefs were filed in this case, and a portion of the arguement is directed to question of fact men-

tioned in the stipulation of counsel to the effect that Mrs. Mims was not personally served with notice to do the work herself. It is agreed in the brief of counsel that the same law questions are involved as in the Buckley Case. But the stipulation of counsel that the chancellor resolved this issue of fact in favor of appellee materially differentiates this case from the Buckley Case, and necessitates an affirmance of the decree appealed from. There is evidence that supports the finding of fact, and we cannot say the chancellor was manifestly wrong.

The street commissioner did testify positively that personal notice was given appellee in accordance with the statute. The law in force at the time of the proceedings in this case required that the street commissioner upon order of the board should give "thirty days' notice to the owner or occupant of each piece of property to be assessed," etc. This law has been amended so as to authorize notice by publication. Against the testimony of the street commissioner is the positive testimony of appellee that notice was not given her. It appears that R. P. Mims, the husband of appellee, signed the petition to have the street paved and the original order of the municipal authorities recites that— "A majority of the resident owners on North State street from Manship street to the North side of Euclid avenue have petitioned for the paving of said street."

The city contends that appellee is estopped. Estoppel is sought to be based on the fact that appellee's husband petitioned for the paving and that she herself knew the street was to be paved and stood by and saw the work progress without objection. There is no evidence that the husband acted as the agent of his wife or had any specific authority so to do. Section 3412, Code of 1906, effective when the work was done, provides for the thirty days' notice. This provision of the law means something, and we have no authority to dispense with the re-

quirement. Whether the legislature could dispense with such notice altogether is a question that is not before us. The law as written was not complied with. The failure to give the notice, as found by the chancellor, leads to an affirmance.

*Affirmed.*